RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/5/06
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KENNETH FRANCIS          CIVIL ACTION NUMBER 03-0439-A

VERSUS

BARON KAYLO, et al         U.S. MAGISTRATE JUDGE JAMES D. KIRK

### Reasons for Granting a Judgment as a Matter of Law Pursuant to Rule 50

Rule 50 of the Federal Rules of Civil Procedures provides:

**a) Judgment as a Matter of Law.**
(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

I find in this case that defendants are entitled to a judgment as a matter or law and that plaintiff Francis' case should be dismissed for the following reasons.

1.

Francis has sued Louisiana Department of Corrections Secretary Richard Stalder in both his individual and official capacities on the ground that Francis is "ultimately responsible for the training and supervision for the personnel employed at the Avoyelles Correctional Center."

The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest. The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief. <u>Aguilar v. Texas Dept. of Criminal Justice</u>. 160 F.3d 1052, 1054 (5th Cir. 1998), cert. den., 528 U.S. 851, 120 S.Ct. 130 (1999). Neither a state nor its officers acting in their official capacities are "persons" under §1983. <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 258, 362, 116 L.Ed.2d 301 (1991). Therefore, Stalder is entitled to absolute immunity from a suit for damages in his official capacity.

In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. <u>Reimer v. Smith</u>, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). Also, <u>Malley v. Briggs</u>, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7, 89 L.Ed.2d 271 (1986). Francis has not alleged or offered any proof of any act or omission by Secretary Stalder which constituted a violation of Francis' civil rights. Therefore, Francis's claims against Stalder in his individual capacity should

be dismissed, also.

2.

It is further noted that Francis has sued Warden Kaylo in both his official and individual capacities because he is "responsible for the operation and management" of the prison. Apparently, Francis is suing Warden Kaylo in his supervisory capacity, since he has not made any specific factual allegations which involve Warden Kaylo.

The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Thompkins, 828 F.2d at 303.

Since Francis has not alleged or offered any proof of any acts or omissions of Warden Kaylo, and has not alleged any unconstitutional policies implemented by Warden Kaylo which have deprived Francis of his constitutional rights, Francis' action for

damages against Warden Kaylo must be dismissed.

3.

As to the merits of Francis' claims, Francis claims that, while he was in administrative segregation at the Avoyelles Correctional Center, he was denied personal hygiene items (such as special bath soap and lotion) which caused him to suffer skin irritations and have a "poor personal appearance," he was denied outdoor exercise and suffered stiffness in his joints as a consequence, he shared a small cell all day with another inmate, the cell lighting was too dim and cause vision problems, and he suffered depression and anxiety which caused weight loss.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *[Woods v. Edwards, 51 F.3d 577, 581 (5th Cir.1995)]*. The Supreme Court reiterated and clarified which rights receive constitutional protection in <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), in holding that states may, under certain circumstances, create liberty interests which are protected by the Due Process Clause. However, the court held that these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the

quality of time served by a prisoner. The Supreme Court further stated that the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner.

A two-part test determines whether a prisoner has established a constitutional violation. First, he must demonstrate the objective component of conditions so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need. Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement. *[Harper v. Showers, 174 F.3d 716, 719-720 (5th Cir. 1999)]*.

To prove his claims, Plaintiff Kenneth Francis had to show: (1) that the conditions of his confinement at the Avoyelles Correctional Center, as alleged and proven by Francis, constituted a denial of the minimal civilized measure of life's necessities; (2) that Francis was actually subjected to the conditions of confinement he alleges existed at the Avoyelles Correctional Center; and (3) that defendant Warden Kaylo actually knew of and displayed deliberate indifference to Francis' conditions of confinement. Also, in order to recover compensatory damages for emotional and mental suffering, Francis must prove that he suffered an actual injury as a result of the alleged unconstitutional

conditions of confinement. *[42 U.S.C. § 1997(e)]*.

The court does not find that Francis has carried his burden of proving a violation of his constitutional rights by showing he was denied the minimal civilized measure of life's necessities. For instance, prisoners have a constitutional right to be provided with soap for bathing, as one of life's necessities, but do not have a constitutional right to a special, skin-softening bath soap. Moreover, a review of Francis' extensive medical records, from both the prison medical staff and outside medical sources, shows that Francis did not complain of rashes other than athletes' foot, which was treated more than once, and a rash on his groin, which also received appropriate medical attention.

Francis also contends he was deprived of "outdoor exercise, fresh air, and sunshine" while housed in administrative segregation, and that, as a result, he suffered stiffness in his joints. Francis' contention that he was deprived of outdoor exercise does not state a due process claim, nor does he have a liberty interest in outdoor recreation. Therefore, Francis has not stated a constitutional claim cognizable under Section 1983. *See Madison v. Parker*, 104 F.3d 765, 767-768 (5th Cir. 1997)(*"commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a*

6

*liberty interest."); Peterson v. Peshoff, 216 F.3d 1079, 2000 WL 729077 (5th Cir. 2000); Wilkerson v. Maggio, 703 F.2d 909, 912 (5th Cir. 1983)(inmate not provided with outdoor exercise for about seven years did not show Eighth Amendment violation since he was provided with opportunity for indoor exercise). Also, Johns v. Miller, 2005 WL 3592248, *8 (E.D.La. 2005) ("loss of incentive pay, outdoor recreation and cell confinement do not state a claim of violation of due process rights cognizable under Section 1983"); White v. Simpson, 2005 WL 425264, *3 (N.D.Tex. 2005)("Despite his conclusory and self-serving assertion that outdoor exercise is essential to preserve health, plaintiff did not suffer any physical injury due to the lack of recreation. Under these circumstances, there is no constitutional violation.").* Moreover, Francis' medical records show that his complaints of joint pain are a result of a slip and fall accident in the shower at the prison, and a motor vehicle accident while Francis was riding in a prison van. Francis has received extensive and appropriate medical treatment for the joint pain resulting from those events, as well as for all of his other numerous health complaints.

Also, the medical records do not reflect any complaints by Francis about depression, anxiety, weight loss, or vision problems. Since the medical records reflect numerous other health complaints by Francis, all of which received medical attention from both the prison medical staff and outside health care sources.

To the extent that Francis seeks compensatory damages for emotional and mental suffering, it is noted that Francis has not demonstrated a physical injury. Since Section 1997(e) bars recovery of compensatory damages for mental and emotional injuries absent a physical injury, in Eighth Amendment cases, Francis is not entitled to damages for his emotional and mental suffering. <u>Geiger v. Jowers</u>, 404 F.3d 371, 374 (5th Cir. 2005).

Therefore, for these reasons, I find that defendants are entitled to a judgment in their favor as a matter of law, pursuant to Rule 50 of the Federal Rules of Civil Procedure. Francis' case is dismissed with prejudice.

June 5 '06